IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAICOURRIE DeWAYNE FINLEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:11-CV-0018 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO
DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

On May 24, 2010, petitioner filed a form Petition for a Writ of Habeas Corpus by a Person in State Custody with the United States District Court for the Northern District of Texas, Abilene Division. By his habeas application, petitioner challenges a purported prison disciplinary proceeding that took place at the Clements Unit in Potter County, Texas. On January 25, 2011, petitioner's habeas application was transferred to this Court. Petitioner was incarcerated at the Clements Unit at the time he filed this habeas petition and remains incarcerated at the Clements Unit.[1]

I.

---

[1] Petitioner is presently incarcerated pursuant to a 2004 conviction for harassment by a person in a correctional facility out of Washington County, Texas and a 2006 conviction for theft greater than $20,000 but less than $100,000 out of Harris County, Texas. *See* Texas Department of Criminal Justice, Offender Information Detail online database at http://168.51.178.33/webapp/TDCJ/InmateDetails.jsp?sidnumber=05601473.

PROCEDURAL BACKGROUND

Petitioner represents he was found guilty, on January 15, 2010, of the disciplinary violation of "impeding state authority" in case number 20100115DENTON. Petitioner contends his Step 1 grievance was denied January 19, 2010, and his Step 2 grievance was denied January 29, 2010. Petitioner has not submitted documentation from either the purported disciplinary proceeding or his alleged grievances appealing a disciplinary ruling.

II.
NO LOSS OF GOOD TIME

In order to challenge a state prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner MUST, at a minimum, be eligible for release on mandatory supervision **AND** have received a punishment sanction that included forfeiture of previously accrued good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In his habeas application, petitioner acknowledges he did not lose any previously earned good time credits as a result of the disciplinary proceeding herein challenged. *See* Question 18. As the law in the Fifth Circuit currently stands, petitioner did not receive a punishment sanction that included forfeiture of previously accrued good time credits and, thus, is not entitled to federal habeas corpus relief. Petitioner's habeas application should be DENIED.

III.
NO ACTUAL DISCIPLINARY CASE EXISTS

Petitioner has a long history of abusing the writ of habeas corpus in this Court by intentionally misrepresenting material facts in his habeas corpus petitions. Specifically, petitioner has repeatedly invented prison disciplinary cases upon which numerous habeas corpus

petitions have been based. In each such case, no actual controversy existed so the habeas petition was dismissed. Petitioner's habeas corpus filings have been an abuse of the writ and petitioner was warned that should he continue to file such cases he would be sanctioned accordingly.

In this case, it appears petitioner again invented a prison disciplinary case upon which his habeas corpus application is based. First, "impeding state authority" is not an offense for which a disciplinary case can be written under TDCJ-CID policy. *See Disciplinary Rules and Procedures for Offenders*, published by the Texas Department of Criminal Justice, § XIV, "TDCJ Disciplinary Offenses," pgs. 23-33 (revised Jan. 2005). Second, as respondent has previously verified in other cases filed by petitioner, TDCJ-CID uses a purely numerical system to identify offender disciplinary actions. The number petitioner provided, 20100115DENTON, does not appear to be a valid TDCJ-CID disciplinary case number. Even so, as petitioner has acknowledged he did not forfeit any previously accrued good time as a result of a the purported prison disciplinary proceeding he challenges in this proceeding, petitioner has not shown he is entitled to federal habeas relief and his petition should be denied.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner JAICOURRIE DeWAYNE FINLEY be DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 1st day of February, 2011.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).